```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

CAROL ELLISON, on behalf of
herself and those similarly
situated,

                    Plaintiff,

v.                                       Case No.  8:08-cv-845-J-33TGW

SYDEL LEGRANDE, M.D., P.A.,

                    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion for Entry of Default Final Judgment (Doc. # 9), filed on August 18, 2008. Plaintiff seeks the entry of a final default judgment against Defendant Sydel LeGrande, M.D., P.A. in the amount of $11,535.43. Defendant has failed to file a response in opposition to the Motion for Entry of Default Final Judgment, and the time for Defendant to file such a response has elapsed. See Local Rule 3.01(b), M.D. Fla. For the reasons stated below, Plaintiff's motion is denied without prejudice.

Plaintiff filed her complaint against Defendant on May 1, 2008 (Doc. #1) alleging breach of contract and violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). It is alleged that Defendant failed to pay Plaintiff the agreed upon hourly rate following completion of a course in cardiopulmonary resuscitation ("CPR") and that it failed to pay overtime wages for those hours worked in excess of forty hours per week over a thirty-week period.

Plaintiff seeks unpaid wages and overtime pay, liquidated damages, and attorney's fees and costs.

On June 17, 2008, Defendant was served with a summons and a copy of the complaint through Defendant's registered agent (Doc. # 5). Defendant failed to file an answer to the complaint and accordingly, on August 6, 2008, the Clerk entered a default (Doc. # 8). Plaintiff now seeks a final default judgment against Defendant. In support of the motion, Plaintiff submits the Declaration of Plaintiff Carol Ellison (Doc. # 9-2) and an Affidavit for Reasonable Attorneys' Fees signed by C. Ryan Morgan (Doc. # 9-3) with Exhibits (Doc. ## 9-4, 9-5).

Plaintiff's declaration makes statements contradictory to the averments in the motion and confusing assertions regarding the amount of unpaid and overtime wages that are owed. Plaintiff has filed a declaration attesting that she was employed by Defendant as a caretaker from approximately February 12, 2007, through September 6, 2007, a period of 30 weeks. (Doc. # 9-2 at 2). In the instant motion, Plaintiff states that she worked a total of forty regular hours per week and fifteen hours of overtime per week for Defendant during that time period. (Doc. # 9 at 4). However, Plaintiff's declaration states that she worked <u>forty-five</u> hours per week at her regular hourly rate for thirty weeks, and that she seeks overtime wages for <u>ten</u> hours per week for thirty weeks. (Doc. # 9-2 at 2).

Under the provisions of FLSA, overtime wages are to be paid for hours worked in excess of forty hours per week, not forty-five.

In addition, Plaintiff's complaint alleges a breach of contract claim related to a raise of fifty cents per hour that Defendant promised Plaintiff upon the earning of her CPR certification. (Doc. # 1 at ¶¶ 17-19). The complaint asserts that Plaintiff earned her CPR card "within one month of beginning her employment with Defendant" (Doc. # 1 at ¶ 19), but her declaration attests that she is owed an additional fifty cents per hour for the entire thirty weeks she worked for Defendant and does not indicate exactly when she earned the CPR card (Doc. # 9-2 at 2). Additionally, the motion is deficient in that it fails to even mention the breach of contract claim, let alone indicate how damages for this claim were calculated.

Finally, Plaintiff seeks $1303 in attorney's fees and $557.43 in costs incurred in litigating this case.  However, Morgan's affidavit on this issue is deficient.  He attests that a reasonable rate for an attorney with his experience is $300 per hour and submits that the Court previously awarded him this amount. (Doc. # 9-3 at 2-3).  However, the case that Morgan has cited was an approval of a settlement, not a determination regarding a reasonable hourly rate for Morgan.[1]  Morgan has provided no further

---

[1] It is unsettling to this Court that these same assertions were made by Morgan and rejected by the court in <u>Kwasnik v. Charlee</u>
(continued...)

independent evidence regarding the reasonableness of his rate as required by Norman v. Housing Authority. 836 F.2d 1292, 1299-1303 (11th Cir. 1988) (holding that the fee applicant bears the burden of establishing the reasonableness of his fee by reference to independent evidence of rates charged under similar circumstances or opinion evidence rendered by an expert). Based in part on several recent decisions awarding Morgan $145 per hour for similar work, the undersigned notes that $300 is not a reasonable hourly rate for an attorney practicing in central Florida with three years experience. See e.g. Kwasnik, 2008 WL 4826095, at *2; Girke v. Camillo Home Builders of Orlando, LLC, Case No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *5 (M.D. Fla. July 9, 2008).

Also, Plaintiff seeks a $95 hourly fee for work done by paralegal Claudia Silva, who has eight years experience. (Doc. # 9-3 at 3). However, Morgan offers no evidence of the type required by Norman to support this fee and the district court has previously found $45 to be a reasonable hourly rate for Silva. See e.g. Kwasnik, 2008 WL 4826095, at *2; Girke, 2008 WL 2700014, at *5. Further, although Morgan's affidavit states in a footnote that "[t]he paralegal time is contained in the entries for April 29,

---

[1](...continued)
Family Care Services of Central Fla., Inc., Case No. 6:08-cv-926-Orl-31KRS, 2008 WL 4826095, at *2 (M.D. Fla. Nov. 4, 2008). The court there denied the motion for default without prejudice to refiling the motion with proper evidence to support the requested attorney's fees.

2008 and July 18, 2008," the time sheet for those dates reflects only that "RM" is the attorney working on the case. (Doc. # 9-4 at 2).

Due to the deficiencies discussed above, this motion is due to be denied without prejudice. Plaintiff may refile a motion for default judgment that contains clear arguments and supporting evidence for each of Plaintiff's claims, consistent averments regarding calculation of the overtime hours worked and the unpaid wages owed, and evidence in support of the motion for award of attorney's fees in the form required by Norman.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** as follows:

(1) Plaintiff's Motion for Entry of Default Final Judgment (Doc. # 9) is **DENIED without prejudice**.

(2) The Court will entertain an amended motion for default judgment that properly addresses and corrects each of the deficiencies noted above.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of December, 2008.

                                    VIRGINIA M. HERNANDEZ COVINGTON
                                    UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record