UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROL ELLISON, on behalf of
herself and those similarly
situated,

        Plaintiff,
v.                         Case No.  8:08-cv-845-T-33TGW

SYDEL LEGRANDE, M.D., P.A.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the Renewed Motion for Entry of Default Final Judgment (Doc. # 11) filed by Plaintiff Carol Ellison on January 7, 2009. Plaintiff seeks the entry of a final default judgment against Defendant Sydel LeGrande, M.D., P.A. in the amount of $12,823.00. Defendant has failed to file a response in opposition to the Motion for Entry of Default Final Judgment, and the time for Defendant to file such a response has elapsed. See Local Rule 3.01(b), M.D. Fla. For the reasons stated below, Plaintiff's motion is granted.

**I.   Background**

Plaintiff filed her complaint against Defendant on May 1, 2008 (Doc. #1) alleging breach of contract and violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). It

is alleged that Defendant failed to pay Plaintiff the agreed upon hourly rate following completion of a course in cardiopulmonary resuscitation and that it failed to pay overtime wages for those hours worked in excess of forty hours per week over a thirty week period.  Plaintiff seeks unpaid wages and overtime pay, liquidated damages, and attorney's fees and costs.

On June 17, 2008, Defendant was served with a summons and a copy of the complaint through Defendant's registered agent (Doc. # 5).  Defendant failed to file an answer to the complaint and accordingly, on August 6, 2008, the Clerk entered a default (Doc. # 8).  Defendant did not respond.  Plaintiff now seeks a final default judgment against Defendant.  In support of the motion, Plaintiff submits the Amended Declaration of Carol Ellison (Doc. # 11-2) and an Affidavit for Reasonable Attorneys' Fees signed by C. Ryan Morgan (Doc. # 11-3) with Exhibits (Doc. ## 11-4, 11-5).

Plaintiff's declaration attests that she was employed by Defendant as a caretaker from approximately February 12, 2007, through September 6, 2007. (Doc. # 11-2 at 2).  Plaintiff claims that, during that period, she worked fifty-five hours per week but was only paid for forty-five hours per week and that she was paid no overtime wages.  She also attests that she was not required to keep time records or punch a time

clock. (Id.). Plaintiff further asserts that she was promised a fifty-cent per hour raise once she obtained a CPR card certifying that she was qualified to administer cardiopulmonary resuscitation, and that she obtained that card after her fourth week of work but was never paid the increased rate, thereby breaching their employment agreement. (Doc. # 1 at 3). As a result, based on her recollection of hours worked, Plaintiff claims that she is owed $585 in unpaid wages and $5,215 in unpaid overtime.[1] (Doc. # 11-2 at 3). In addition, Plaintiff attests that she is owed $5,215 in liquidated damages.

## II. **Legal Standard**

Well-pleaded factual allegations are established by default. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment, however, only if the complaint's factual allegations provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co., 515 F.2d at 1206. The plaintiff has the burden of proof regarding the amount of

---

[1] Plaintiff's affidavit contains the detailed calculations. Generally, Plaintiff is claiming an extra fifty cents per hour for the twenty-six weeks she worked after obtaining her CPR card, plus overtime wages for the fifteen hours in excess of forty that she worked for the entire thirty weeks of her employment.

damages to be awarded, but if the employer does not produce evidence to negate plaintiff's prima facie case, "the court may award approximate damages based on the employee's evidence." McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 450 (M.D. Fla. 1988).

**III. Analysis**

    **A.    Unpaid Wage and Overtime Claims**

FLSA mandates that employees receive one and one-half times their regular rate of pay for all hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1).[2] Defendant does not contest Plaintiff's sworn statement that she worked 300 overtime hours. Accordingly, Plaintiff is entitled to be compensated at her overtime rate of $14.25 per hour for the first four weeks of her employment and $15 per hour for the next 26 weeks to yield the amount of $5,215.

In addition, under FLSA Section 216(b), an employee who was not paid overtime wages shall receive an amount equal to the unpaid overtime wages in liquidated damages. See, e.g., Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1573 (11th Cir.

---

[2] The purpose of the FLSA overtime provision is two-fold: "(1) to spread out employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours; and (2) to compensate employees who, for a variety of reasons, worked overtime." Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1256 n.4 (11th Cir. 2001).

1988). Liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe that its actions did not violate FLSA overtime provisions. Id.; see also 29 U.S.C. § 260.

Defendant failed to contest Plaintiff's entitlement to overtime compensation, and Defendant has not asserted that it acted in good faith or that it reasonably believed that it complied with FLSA's overtime provisions. Accordingly, Plaintiff is entitled to receive $5,215 in liquidated damages. In total, Parrish is entitled to $10,430 in damages for her FLSA claim.

In addition, Defendant did not pay the wage contractually agreed to. Accepting Plaintiff's well-pleaded allegations as true, Defendant made an oral promise to modify the employment agreement with Plaintiff to increase her hourly wage by fifty cents upon her attainment of a CPR card. As an employee's CPR certification would be of benefit to an employer who provides healthcare services, the CPR card constitutes sufficient consideration to support the modification of the employment agreement. See St. Joe Corp. v. McIver, 875 So. 2d 375, 382 (Fla. 2004) (noting the established rule of contract law that modification of a contract must be supported by proper consideration); Fla. Power Corp. v. Pub. Serv. Comm'n, 487 So. 2d (Fla. 1986) (noting that consideration may consist of

either a benefit to the promisor or a detriment to the promisee). As such, Plaintiff has established that she is entitled to an additional fifty cents per hour for the hours worked during the twenty-six hours in question, or $585 in unpaid wages.

**B.   Attorney's Fees**

In addition, FLSA authorizes an award of attorney's fees and costs to prevailing plaintiff in proceedings to enforce FLSA's provisions. See 29 U.S.C. § 216(b).[3] Plaintiff's counsel filed an "Affidavit for Reasonable Attorneys' Fees" (Doc. #11-3) as well as detailed time sheets reflecting each task performed and the associated time increments (Doc. ## 11-4; 11-5).

Plaintiff's counsel seeks $1,303 in fees comprised of 3.9 hours of attorney work at a rate of $300 per hour plus 1.4 hours of paralegal work at an hourly rate of $95.00 per hour. As required by Norman v. Housing Auth., 836 F.2d 1292, 1299 (11th Cir. 1988), this Court must employ the lodestar

---

[3] In Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987), the court determined that "Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees to the prevailing plaintiff in FLSA cases. In consideration of the language of section 216(b), and its underlying purpose, we hold that attorney fees are an integral part of the merits of FLSA cases and part of the relief sought therein. Thus, a final determination as to the award of attorney fees is required as part of the final appealable judgment."

approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Court finds that the number of hours that Plaintiff's attorney expended is reasonable.[4]

Attorney C. Ryan Morgan seeks an hourly rate of $300 for his own work and $95 per hour for work of paralegal Claudia Silva. "The fee applicant bears the burden of establishing entitlement [to] hourly rates." Norman, 836 F.2d at 1303 (11th Cir. 1988). The determination of the reasonableness of an attorney's fee lies in the sound discretion of the trial court. Id. at 1301. With respect to rates, an applicant may produce direct evidence of rates charged under similar circumstances or opinion evidence rendered by an expert. Id. at 1303. The Court is considered an expert as to reasonable hourly rates in the community. Id.

In this case, Morgan who was admitted to practice in the state of Florida in 2005, has not carried his burden of demonstrating entitlement to an hourly rate of $300. (Doc. # 11-3 at 2-3). His affidavit cites to a case in which the

---

[4]In reviewing counsel's time records, this Court found no "hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Court approved his $300 hourly fee and concludes that his fee is reasonable for a lawyer with similar experience. However, Morgan has provided no other independent evidence regarding the reasonableness of his rate as required by Norman and the Court has identified several recent decisions awarding Morgan $145 per hour for similar work. See e.g. Cruz v. Petty Transp., LLC, Case No. 6:08-cv-498-Orl-22KRS, 2008 WL 5055242 at *4 (M.D. Fla. Nov. 21, 2008); Kwasnik v. Charlee Family Care Servs. Cent. Fla., Inc., Case No. 6:08-cv-926-Orl-31KRS, 2008 WL 4826095, at *2 (M.D. Fla. Nov. 4, 2008); Girke v. Camillo Home Builders of Orlando, LLC, Case No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *5 (M.D. Fla. July 9, 2008).

This determination is consistent with recent judicial determinations in this district including Wilson v. DCF, Case No. 3:02-cv-357-J-32TEM, 2007 WL 1100469, at ** 3-4 (M.D. Fla. April 11, 2007) (finding an attorney admitted to practice in Florida in 1986 entitled to an hourly rate of $250, while a reasonable associate-level hourly rate was $150); Citibank v. Nat'l Arbitration Council, Inc., Case No. 3:04-cv-1076-J-32MCR, 2007 WL 1231836, at *2 (M.D. Fla. April 26, 2007) (approving the following rates: supervising attorney with 30 years experience-rate of $238, senior associate-rate of $166, junior associate-rate of $112-$135.00); Steffen v. Akerman Senterfitt, Case No. 8:04-cv-1693-T-24MSS, 2007 WL 1601750, at

** 2-3 (M.D. Fla. June 1, 2007) (finding the following rates were reasonable in Tampa, Florida: $220-$450 for partners, $150-$225 for associates). Accordingly, the undersigned finds that $300 is not a reasonable hourly rate for an attorney practicing in central Florida with five years experience, and awards Morgan a rate of $165 per hour.

Also, Plaintiff seeks a $95 hourly fee for work done by paralegal Claudia Silva, who allegedly has over thirteen years of experience.[5] (Doc. # 11-3 at 3). However, Morgan offers no independent evidence of the type required by Norman to support this fee and the district court has previously found $50 to be a reasonable hourly rate for Silva. See e.g. Cruz, 2008 WL 5055242 at *4; Kwasnik, 2008 WL 4826095, at *2; Girke, 2008 WL 2700014, at *5. The Court finds $50 per hour to be a reasonable rate for Silva's work. Thus, Plaintiff is entitled to reimbursement of $643.50 in attorney's fees and $75 in paralegal fees, for a total of $713.50.

C. **Costs**

---

[5] The Court notes that, although Morgan's current affidavit attests that Silva has worked as a paralegal for "over 13 years" (Doc. # 11-3 at 3), he previously attested to this Court in this case that Silva had "over eight years" of experience (Doc. # 9-3 at 3) and opinions issued in 2008 in the Middle District of Florida reflect that Silva at that time had eight years of experience. Kwasnik, 2008 WL 4826095, at *2; Girke, 2008 WL 2700014, at * 5. Therefore, this Court is in doubt as to the currently claimed thirteen years of experience for Silva.

Plaintiff has submitted evidence of costs in the amount of $505.[6] Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to be reimbursed by Defendant for the reasonable costs associated with the prosecution of this lawsuit. Accordingly, Plaintiff is entitled to be reimbursed by Defendant for her costs in the amount of $505.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** as follows:

(1) Renewed Motion for Entry of Default Final Judgment (Doc. # 11) is **GRANTED IN PART as follows:**

(2) Defendant is in default, and the factual allegations in the complaint (Doc. # 1) are deemed admitted;

(3) Defendant is in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216 and is in breach of the terms of its employment agreement with Plaintiff;

(4) The Clerk is accordingly directed to enter Judgment in favor of Plaintiff in the amount of $12,233.50, allocated as follows:

    a. damages in the amount of $11,015;

    b. attorney's fees in the amount of $713.50;

    c. costs in the amount of $505; and

---

[6]Specifically, the costs submitted represent this court's fee for opening the case and the fee charged by the process server employed by Plaintiff to effect service of process on Sydel LeGrande, M.D., P.A. (Doc. #11-5 at 2).

(5) The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of February, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record